# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Antonio Davis,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Nevada Department of Corrections, et al.,<br><br>　　　　Defendants. | Case No.: 2:13-cv-1727-JAD-CWH<br><br>**Order Granting in Part Defendant's Motion to Dismiss and Motion for a More Definite Statement [Doc. 12]** |

　　Plaintiff Antonio Davis alleges that, while he was incarcerated at Nevada's High Desert State Prison, a corrections officer shot him three times, causing him severe, permanent injuries. He sues the Nevada Department of Corrections (NDOC) and its Warden, Dwight Nevins alleging § 1983 violations and a host of state-law tort claims. Defendants ask the Court to dismiss Davis's civil rights claims and his claims for intentional and negligent infliction of emotional distress or, alternatively, to order Davis to provide a more definite statement of these claims. The Court grants the motion to dismiss Davis's § 1983 claim to the extent it alleges a Fifth Amendment violation and Davis's emotional-distress claims, but grants leave to amend the emotional-distress claims if he can allege facts that suggest he has suffered severe and serious emotional distress.

**A.     Motion to Dismiss**

Federal Rule of Civil Procedure 8(a) supplies the standard for pleadings in a federal cause of action and states, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."[1]  A district court may dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).[2]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[3]  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."[4]  The Court is also "not bound to accept as true a legal conclusion couched as a factual allegation."[5]  To state a "plausible" claim for relief, the plaintiff must "plead[] factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[6]  This requires a plaintiff to state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged.[7]

**1.     42 U.S.C. § 1983 Claims**

Davis alleges violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983.  Defendants move to dismiss all three of these claims.

---

[1] Fed. R. Civ. Proc. 8(a).

[2] *Id.* at 12(b)(6).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[5] *Id.* (quoting *Papsan v. Allain*, 478 U.S. 265, 286 (1986)).

[6] *Iqbal*, 556 U.S. at 678-79.

[7] *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

### a. Fourth Amendment

Defendants contend that Davis must point to "malicious and sadistic force, not merely objectively unreasonable force" to state a Fourth Amendment claim. Doc. 12 at 5. But Davis's facts are "generic" and did not indicate why the shots were fired or under what context. *Id.* Davis responds that he alleged his name, the date of the offense, and a simple and concise statement of the facts—sufficient under federal notice pleading standards. Doc. 14 at 5-6. Davis also argues that even to the degree his excessive force claims were not adequately pled, contextual information regarding the shooting is likely in the possession of the Defendants, and the details that Defendants are seeking should be obtained through discovery, not in his notice pleading.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures . . . ."[8] The "use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness."[9] "The Fourth Amendment's requirement that a seizure be reasonable prohibits more than the unnecessary strike of a nightstick, sting of a bullet, and thud of a boot."[10]

Davis has alleged that a "lockdown" order was given; he reasonably ignored it and continued doing push-ups; and he was shot three times by a prison guard. The Court has little difficulty concluding that Davis's facts and their inferences demonstrate conduct that could violate objective standards of reasonableness. Davis has sufficiently alleged a claim for excessive force in violation of the Fourth Amendment.

### b. Eighth Amendment

NDOC briefly argues that Davis's allegation that he was "shot with a shotgun" does not provide sufficient facts for NDOC to defend an Eighth Amendment violation. Doc. 12 at 6. In response, Davis argues that he was offering no resistance at the time he was shot, and

---

[8] U.S. Const. amend. IV.

[9] *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001), *receded from on other grounds*, 555 U.S. 223 (2009).

[10] *Fontana v. Haskin*, 262 F.3d 871, 878 (9th Cir. 2001).

that the Officer made no attempt to give a "warning shot" or even "aim low" prior to shooting Davis in the head. Doc. 14 at 7-8.

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment."[11] No constitutional violation occurs if force is applied in a good faith effort to restore discipline and order, or is merely objectively unreasonable; instead, force must be exercised "maliciously and sadistically for the very purpose of causing harm."[12]

There is no allegation that Davis was actively rioting or violently resisting an attempt to restore order, or that riotous conditions in the prison at the time the incident occurred would have somehow justified NDOC's particular application of force. Davis's allegations sufficiently state an Eighth Amendment violation claim.

### c. Fifth Amendment

Defendants move to dismiss Davis's civil rights claim to the extent it is founded upon a Fifth Amendment violation theory because the Fifth Amendment only applies to *federal* defendants, not *state* defendants. "The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States: 'nor shall any State deprive any person of life, liberty, or property, without due process of law.'"[13] The Fifth Amendment's Due Process and Equal Protection Clauses apply only to federal actors, not state actors;[14] the Fourteenth Amendment is the vehicle for asserting this type of claim against state actors like the defendants in this case. Defendants' motion to dismiss the portion of Davis's § 1983 claim based on a Fifth Amendment violation. As the Court does not believe that plaintiff

---

[11] *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).

[12] *Whitley v. Albers*, 473 U.S. 312, 320-21 (1986).

[13] *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) (quoting U.S. Const. amend. XIV).

[14] *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008).

1 could save this claim with amendment, this Fifth Amendment theory is dismissed without
2 leave to amend.

### 2. Emotional Distress Claims

Defendants also ask the Court to dismiss plaintiff's claims for intentional and negligent infliction of emotional distress based on the absence of facts in the complaint that would suggest that plaintiff suffered emotional distress. To establish a cause of action for intentional infliction of emotional distress, a plaintiff must allege: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) severe or extreme emotional distress suffered by the plaintiff; and (3) actual or proximate causation.[15] Extreme and outrageous conduct "is that which is outside all possible bounds of human decency and is regarded as utterly intolerable in a civilized community."[16] Courts determine whether conduct is "extreme and outrageous" as a matter of law.[17] For negligent infliction, a plaintiff must allege: (1) the defendant acted negligently, (2) either a physical impact or, in the absence of a physical impact, proof of a serious emotional distress causing physical injury or illness, and (3) actual or proximate causation.[18] "In order to sustain a claim of emotional distress . . . the plaintiff needs to show that there was 'extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress.'"[19]

Davis's emotional distress claims merely offer a conclusory statement of the formulaic elements of these claims; the complaint is devoid of any reference to an emotional impact of the shooting. With no emotional-distress facts from which this Court could draw

---

[15] *Olivero v. Lowe*, 995 P.2d 1023 (Nev. 2000).

[16] *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998).

[17] *Alamo v. Reno Hilton Corp.*, 819 F. Supp. 905 (D. Nev. 1993) (citation omitted).

[18] *See Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998); *Minshew v. Donley*, 911 F. Supp. 2d 1043, 1063 (D. Nev. 2012).

[19] *State of Eighth Judicial District Court ex rel. v. County of Clark*, 42 P.3d 233, 241 (Nev. 2002) (quoting *Shoen*, 896 P.2d at 477).

the inference that Davis suffered severe or extreme emotional distress, this claim fails to state a plausible claim for relief and must be dismissed. Accordingly, plaintiff's claims for intentional and negligent infliction of emotional distress are dismissed. The Court does not yet find that plaintiff will be unable to plead the necessary facts to state these claims. Accordingly, the Court dismisses these emotional distress claims with leave to amend these claims only to add sufficient factual allegations to state proper intentional and negligent infliction of emotional distress claims.[20]

### B.     Motion for a More Definite Statement

Defendants argue that, to the extent this Court does not dismiss these claims, it should direct plaintiff to provide a more definite statement of these claims. Doc. 12 at 8-9. Rule 12(e) provides in relevant part, "[a] party may move for a more definite statement of a pleading to which a responsible pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[21] The Court does not find the remaining constitutional theories are "so vague or ambiguous that" defendants cannot reasonably prepare a response. Davis has clearly explained the conduct giving rise to each cause of action: he was doing push-ups in the prison facility and, after failing to immediately respond to a "lock down" order, he was shot several times by prison guards and sustained substantial personal injuries. These allegations are clear enough to place defendants on notice of the basis for Davis's claims and permit their response. The motion for a more definite statement is denied.

### Order

Accordingly, and based on the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Doc. 12] is GRANTED in part and DENIED in part:

/ / /

---

[20] *See* Fed. R. Civ. Proc. 15(a).

[21] *Id.* at 12(e).

It is GRANTED as to Davis's 42 U.S.C. § 1983 claim premised on violations of the Fifth Amendment;

It is GRANTED with leave to amend as to Davis's emotional distress claims;

It is DENIED in all other respects.

Plaintiff shall have 20 days from this order to file a proper amended complaint stating sufficient facts to support his emotional distress claims.

DATED: July 21, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE